IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| 919 OLD WINTER HAVEN ROAD, SPE, LLC, | ) | |
| | ) | |
| 2055 PALMETTO STREET, SPE, LLC, | ) | |
| | ) | |
| 703 SOUTH 29TH STREET, SPE, LLC, | ) | |
| | ) | |
| 1650 FOURAKER ROAD, SPE, LLC, | ) | |
| | ) | |
| 3663 15TH AVENUE, SPE, LLC, | ) | |
| | ) | |
| AURBURNDALE OAKS CARE AND REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| CLEAR WATER CARE AND REHABILITATION CENTER, LLC, | ) | |
| | ) | Case No. _____ |
| LAUREL POINT CARE AND REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| WEST JACKSONVILLE CARE AND REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| ATLANTIC CARE AND REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEOPOLD FRIEDMAN, | ) | |
| | ) | |
| 919 OLD WINTER HAVEN REALTY, LLC, | ) | |
| | ) | |
| 2055 PALMETTO REALTY, LLC, | ) | |
| | ) | |
| 703 SOUTH 29TH ST REALTY, LLC, | ) | |
| | ) | |
| 1650 FOURAKER REALTY, LLC, | ) | |
| | ) | |

3663 15TH ST REALTY, LLC, )
 )
AUBURNDALE OAKS CARE )
ACQUISITION, LLC, )
 )
CLEAR WATER CARE )
ACQUISITION, LLC, )
 )
LAUREL POINT CARE )
ACQUISITION, LLC, )
 )
WEST JACSKONVILLE CARE )
ACQUISITION, LLC, )
 )
ATLANTIC CARE ACQUISITION, LLC, )
 )
JOHN & JANE DOES 1 - 10. )
 )
  *Defendants*
_____/

## **COMPLAINT**

Plaintiffs 919 Old Winter Haven Road, SPE, LLC, 2055 Palmetto Street, SPE, LLC, 703 South 29th Street, SPE, LLC, 1650 Fouraker Road, SPE, LLC, 3663 15th Avenue, SPE, LLC; Auburndale Oaks Care and Rehabilitation Center, LLC; Clear Water Care and Rehabilitation Center, LLC; Laurel Point Care and Rehabilitation Center, LLC; West Jacksonville Care and Rehabilitation Center, LLC; and Atlantic Care and Rehabilitation Center, LLC, by and through its undersigned counsel, and pursuant to Rule 8 and 10 of the Federal Rules of Civil Procedure, submit its Complaint against Defendants Leopold Friedman; 919 Old Winter Haven Realty, LLC; 2055 Palmetto Realty, LLC; 703 South 29th St Realty, LLC; 1650 Fouraker Realty, LLC; 3663 15th St Realty, LLC; Auburndale Oaks Care Acquisition, LLC; Clear Water Care Acquisition, LLC; Laurel Point Care Acquisition, LLC; West Jacksonville Care Acquisition, LLC; Atlantic Care Acquisition, LLC; and John and Jane Does 1 through 10, and alleges as

- 2 -

follows:

**PARTIES**

1.      Plaintiff 919 Old Winter Haven Road, SPE, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

2.      Plaintiff 2055 Palmetto Street, SPE, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

3.      Plaintiff 703 South 29th Street, SPE, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

4.      Plaintiff 1650 Fouraker Road, SPE, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

5.      Plaintiff 3663 15th Avenue, SPE, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

- 3 -

6.      Plaintiff Auburndale Oaks Care and Rehabilitation Center, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Auburndale Oaks Holdings, LLC. Additionally, Auburndale Oaks Holdings, LLC's sole member is Sun Island Capital, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

7.      Plaintiff Clear Water Care and Rehabilitation Center, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Palmetto Street Holdings, LLC. Additionally, Palmetto Street Holdings, LLC's sole member is Sun Island Capital, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

8.      Plaintiff Laurel Point Care and Rehabilitation Center, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Laurel Point Holding, LLC. Additionally, Laurel Point Holding, LLC's sole member is Sun Island Capital, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

9.      Plaintiff West Jacksonville Care and Rehabilitation Center, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is West Jacksonville Holding, LLC. Additionally, West Jacksonville Holding, LLC's sole member is Sun Island Capital, LLC which has Joseph

Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

10.     Plaintiff Atlantic Care and Rehabilitation Center, LLC is a Florida limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is 15th Avenue Holdings, LLC. Additionally, 15th Avenue Holdings, LLC's sole member is Sun Island Capital, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

11.     Defendant Leopold Friedman is a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

12.     Defendant 919 Old Winter Haven Realty, LLC is a Florida limited liability company with its principal place of business located at 919 Old Winter Haven Road, Auburndale, Florida. Upon information and belief, its sole member is Leopold Friedman, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

13.     Defendant 2055 Palmetto Realty, LLC is a Florida limited liability company with its principal place of business located at 2055 Palmetto Street, Clearwater, Florida. Upon information and belief, its sole member is Leopold Friedman, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

14.     Defendant 703 South 29th St Realty, LLC is a Florida limited liability company with its principal place of business located at 703 South 29th Street, Fort Pierce, Florida. Upon information and belief, its sole member is Leopold Friedman, a natural person and citizen of

- 5 -

Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

15. Defendant 1650 Fouraker Realty, LLC is a Florida limited liability company with its principal place of business located at 1650 Fouraker Road, Jacksonville, Florida. Upon information and belief, its sole member is Leopold Friedman, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

16. Defendant 3663 15th St Realty, LLC is a Florida limited liability company with its principal place of business located at 3663 15th Street, Vero Beach, Florida. Upon information and belief, its sole member is Leopold Friedman, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

17. Defendant Auburndale Oaks Care Acquisition, LLC is a Florida limited liability company with its principal place of business located at 919 Old Winter Haven Road, Auburndale, Florida. Upon information and belief, its sole member is AO Care Holdings, LLC. Additionally, AO Care Holdings, LLC's sole member is Citadel Care Group, LLC, which has Leopold Friedman as its sole member, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

18. Defendant Clear Water Care Acquisitions, LLC is a Florida limited liability company with its principal place of business located at 2055 Palmetto Street, Clearwater, Florida. Upon information and belief, its sole member is CW Care Holdings, LLC. Additionally, CW Care Holdings, LLC's sole member is Citadel Care Group, LLC which has Leopold Friedman as its sole member, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

19. Defendant Laurel Point Care Acquisition, LLC is a Florida limited liability

company with its principal place of business located at 703 South 29th Street, Fort Pierce, Florida. Upon information and belief, its sole member is LP Care Holdings, LLC. Additionally, LP Care Holdings, LLC's sole member is Citadel Care Group, LLC which has Leopold Friedman as its sole member, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

20.     Defendant West Jacksonville Care Acquisition, LLC is a Florida limited liability company with its principal place of business located at 1650 Fouraker Road, Jacksonville, Florida. Upon information and belief, its sole member is WJ Care Holdings, LLC. Additionally, WJ Care Holdings, LLC's sole member is Citadel Care Group, LLC which has Leopold Friedman as its sole member, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

21.     Defendant Atlantic Care Acquisition, LLC is a Florida limited liability company with its principal place of business located at 3663 15th Street, Vero Beach, Florida. Upon information and belief, its sole member is AC Care Holdings, LLC. Additionally, AC Care Holdings, LLC's sole member is Citadel Care Group, LLC which has Leopold Friedman as its sole member, a natural person and citizen of Florida with a principal address of 3738 Pine Tree Drive, Miami Beach, Florida.

22.     Upon information and belief, Defendants John & Jane Does 1 through 10 are unknown, but indispensable parties to this matter and are likely be identified through discovery.

### JURISDICTION AND VENUE

23.     There is complete diversity between the parties pursuant to 28 U.S.C. § 1332 because Plaintiffs' member is a citizen of New York, and Defendant and Defendants' member

are citizens of Florida.

24.     As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied in that there is more than $ 75,000.00 at issue, exclusive of costs and interest.

25.     This action properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(a), because facts giving rise to this action occurred within this District.

26.     Venue is appropriate in this Court because Defendants have engaged in continuous and systemic business activities within the State of Florida.

### BACKGROUND

27.     Plaintiffs incorporate by reference paragraphs 1 through 26.

28.     In early 2018, Defendants 919 Old Winter Haven Realty, LLC; 2055 Palmetto Realty, LLC; 703 South 29th St Realty, LLC; 1650 Fouraker Realty, LLC; and 3663 15th St Realty, LLC (collectively "Buyers") sought to purchase five (5) nursing home facilities from Plaintiffs 919 Old Winter Haven Road, SPE, LLC, 2055 Palmetto Street, SPE, LLC, 703 South 29th Street, SPE, LLC, 1650 Fouraker Road, SPE, LLC, and 3663 15th Avenue, SPE, LLC (collectively "Sellers").

29.     On or about May 1, 2018 and in anticipation of the operational and property transfers, Auburndale Oaks Care Acquisition, LLC; Clear Water Care Acquisition, LLC; Laurel Point Care Acquisition, LLC; West Jacksonville Care Acquisition, LLC; and Atlantic Care Acquisition, LLC (collectively "New Operators") took over management of Auburndale Oaks Care and Rehab Center, LLC; Clear Water Care and Rehab Center, LLC; Laurel Point Care and Rehab Center, LLC; West Jacksonville Care and Rehab Center, LLC; and Atlantic Care and

Rehab Center, LLC (collectively "Old Operators"), respectively.

30.     On May 29, 2018, the Asset Purchase Agreement ("APA") was executed by Sellers and Buyers. **See Attached Exhibit A**.

31.     With respect to the consideration required to be paid by Buyers to Sellers, section 2.4 of the APA provides the following:

> Purchase Price. (a) In consideration of the purchase and sale of the Assets on the Closing Date, the Buyer shall pay to Seller a purchase price equal to $58,130,406,87 (the "Purchase Price"), which amount shall be paid as follows: (i) on the Closing Date Buyer will assume the Term Loan Obligations and the Revolving Loan Obligations (the "Assumed Loan Obligations") and (ii) on the date which is approximately ninety (90) days after the Closing Date and on which date the Revolving Loan Obligations and the Term Loan Obligations are paid in full in cash and the Term Loan Credit Agreement and the Revolving Loan Credit Agreement are terminated, Buyer shall pay to Seller, in cash, an amount equal to the difference between the Purchase Price and the principal amount of the Assumed Loan Obligations (exclusive, for purposes of the calculation in this clause (ii), of accrued or accruing interest, fees, costs and expenses) paid to Buyer.

32.     In addition to the purchase price described above, section 2.14 of the APA also required Buyers to submit payment to Sellers based upon the following:

> Notwithstanding anything contained herein to the contrary, Seller shall retain all Accounts Receivable accruing prior to the Effective Time and relating in any way to the Assets or Seller's operation thereof on or prior to the Effective Time and all Accounts Receivable accruing on and after the Effective Time and relating in any way to the Assets, the Facility or a Buyer's operation on or after to the Effective Time shall belong to such Buyer.

33.     To ensure that Sellers could verify the accuracy of the payments due, section 5.8 of the APA provided the following:

> For a period of seven (7) years following the Closing Date, upon reasonable notice, Buyer shall allow Seller and its agents and

representatives to have reasonable access to, and to make copies of, the books, records, and supporting materials relating to any period prior to the Closing Date, including the files and records related to the Facility, to enable Seller to investigate and defend any Resident or employee claims, to file or defend reports and tax returns, to verify Accounts Receivable collections due Seller, and to conduct other matters as may be necessary for Seller in its sole discretion. … Buyer agrees to maintain such books, records and other material relating to the operation of the Assets prior to the Closing Date, including, but not limited to, the files and records, Resident records and records of Resident funds related to the Facility, in the manner required by law. This provision shall survive Closing.

34.    Sections 7.8 and 8.4 of the APA also provided that its closing shall occur simultaneously with the closing of the five (5) separate Operations Transfer Agreements ("OTAs").

35.    On May 29, 2018, each of the five (5) OTAs was executed by the following parties: (i) Auburndale Oaks Care and Rehabilitation Center, LLC and Auburndale Oaks Care Acquisition, LLC; (ii) Clear Water Care and Rehabilitation Center, LLC and Clear Water Care Acquisitions, LLC; (iii) Laurel Point Care and Rehabilitation Center, LLC and Laurel Point Care Acquisition, LLC; (iv) West Jacksonville Care and Rehabilitation Center, LLC and West Jacksonville Care Acquisition, LLC; and (v) Atlantic Care and Rehabilitation Center, LLC and Atlantic Care Acquisition, LLC. **See Attached Exhibits B through F**.

36.    On May 31, 2018, Defendant Friedman, personally, and in his capacity as the sole member of Defendant entities, executed an option which granted Joseph Schwartz the opportunity to assume fifty percent (50%) "of the Florida (5) portfolio you are purchasing to an entity of my choosing for the option price of $ 5,000.00."

37.    On or about June 27, 2018, the requirements of section 2.12 of the APA were

- 10 -

satisfied and Buyers took possession of the properties and formally took over operations of the facilities.

38.    After the formal closing on or about June 27, 2018, Defendant Friedman's demeanor abruptly changed and his response to Plaintiffs' communications became evasive or non-existent.

39.    On or about July 31, 2018, Buyers refinanced the "Assumed Loan Obligations" as required by section 2.4(a)(ii) of the APA.

40.    "Assumed Loan Obligations" is defined in the APA as "the Term Loan Obligations, the Revolving Loan Obligations and those liabilities of Seller specifically assumed by Buyer pursuant to the undertaking provided in Section 2.2 hereof or otherwise specifically assumed by Buyer pursuant to the provisions of this Agreement (including, without limitation, under Section 2.11(d))." *See* APA, Article 1, Definitions.

41.    Sellers, upon information and belief, are due a minimum of $ 13,611,438.05 in collected Accounts Receivable, as well as, $ 3 million as a result of the refinancing of the Assumed Loan Obligations.

42.    Despite being due an amount exceeding $ 16,611,438.05 million, Buyers only remitted a total of $ 416,027.04 to Sellers over three (3) separate payments ($ 375,000.00 on August 22, 2018; $ 22,001.41 on October 30, 2018; and $ 19,025.63 on October 30, 2018).

## COUNT I
### BREACH OF CONTRACT – ASSET PURCHASE AGREEMENT

43.    Plaintiffs incorporate by reference paragraphs 1 through 42.

44.    Sellers and Buyers entered into an agreement for the transfer of five (5) skilled nursing facilities for which Buyers were required to pay consideration to Sellers for the transfer

of those facilities. **See Attached Exhibit A**.

45.     Sellers fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Buyers.

46.     Buyers failed to perform its following obligations under the agreement: (i) full payment to Sellers; and (ii) permitting Sellers, or its representatives, from reviewing its books and records to determine the accurate sum due to them under section 2.4 of the APA.

47.     As a result of Buyers' failure to perform its obligations under the agreement, Sellers suffered damages in an amount exceeding $ 75,000.00.

**COUNT II**
**RESCISSION OF ASSET PURCHASE AGREEMENT**

48.     Plaintiffs incorporate by reference paragraphs 1 through 42.

49.     Buyers' failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count XV, Fraudulent Misrepresentation.

50.     In June 2019, Sellers notified Buyers of the contract rescission and offered to restore all benefits that Sellers received from Buyers.

51.     Buyers have continuously failed to remit Sellers' outstanding Accounts Receivable. Therefore, there is no other adequate remedy at law other than rescission of the APA.

52.     As a result of Buyers' failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT III**
**BREACH OF CONTRACT – AUBURNDALE**

53.     Plaintiffs incorporate by reference paragraphs 1 through 42.

54.     On May 29, 2018, Auburndale Oaks Care and Rehabilitation Center, LLC ("Plaintiff Auburndale") and Auburndale Oaks Care Acquisition, LLC ("Defendant Auburndale") entered into an agreement for the transfer of operations of the skilled nursing facility located at 919 Old Winter Haven Road, Auburndale, Florida. **See Attached Exhibit B.**

55.     On or about June 27, 2018, Plaintiff Auburndale fully performed all its obligations under the agreement and formally transferred the operations of the facility to Defendant Auburndale.

56.     Defendant Auburndale failed to perform its obligations under the agreement to permit Plaintiff Auburndale to review the books and records.

57.     As a result of Defendant Auburndale's failure to perform its obligation under the agreement, Plaintiff Auburndale suffered damages in an amount exceeding $ 75,000.00.

### COUNT IV
### RESCISSION OF AUBURNDALE

58.     Plaintiffs incorporate by reference paragraphs 1 through 42.

59.     Defendant Auburndale's failure to perform this obligation, along with its failure to perform under the APA (*See* Count I, Breach of Contract – Asset Purchase Agreement), makes performance under this agreement impossible.

60.     In June 2019, Plaintiff Auburndale notified Defendant Auburndale of the contract rescission and offered to restore all benefits that Plaintiff Auburndale received from Defendant Auburndale.

61.     Defendant Auburndale has continuously failed to remit Plaintiff Auburndale's outstanding Accounts Receivable. Therefore, there is no other adequate remedy at law other than

rescission of the OTA.

62.     As a result of Auburndale Oaks Care Acquisition, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT V
## BREACH OF CONTRACT – CLEAR WATER

63.     Plaintiffs incorporate by reference paragraphs 1 through 42.

64.     On May 29, 2018, Clear Water Care and Rehabilitation Center, LLC ("Plaintiff Clear Water") and Clear Water Care Acquisition, LLC ("Defendant Clear Water") entered into an agreement for the transfer of operations of the skilled nursing facility located at 2055 Palmetto Street, Clearwater, Florida. **See Attached Exhibit C.**

65.     On or about June 27, 2018, Plaintiff Clear Water fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Clear Water.

66.     Defendant Clear Water failed to perform its obligation under the agreement to permit Plaintiff Clear Water to review the books and records.

67.     As a result of Defendant Clear Water's failure to perform its obligation under the agreement, Plaintiff Clear Water suffered damages in an amount exceeding $ 75,000.00.

## COUNT VI
## RESCISSION OF CLEAR WATER

68.     Plaintiffs incorporate by reference paragraphs 1 through 42.

69.     Defendant Clear Water's failure to perform this obligation, along with its failure to perform under the APA (*See* Count I, Breach of Contract – Asset Purchase Agreement), makes performance under this agreement impossible.

- 14 -

70.     In June 2019, Plaintiff Clear Water notified Defendant Clear Water of the contract rescission and offered to restore all benefits that Plaintiff Clear Water received from Defendant Clear Water.

71.     Defendant Clear Water has continuously failed to remit Plaintiff Clear Water's outstanding Accounts Receivable. Therefore, there is no other adequate remedy at law other than rescission of the OTA.

72.     As a result of Defendant Clear Water's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT VII
### BREACH OF CONTRACT – LAUREL POINT

73.     Plaintiffs incorporate by reference paragraphs 1 through 42.

74.     On May 29, 2018, Laurel Point Care and Rehabilitation Center, LLC ("Plaintiff Laurel Point") and Laurel Point Care Acquisitions, LLC ("Defendant Laurel Point") entered into an agreement for the transfer of operations of the skilled nursing facility located at 703 South 29th Street, Fort Pierce, Florida. **See Attached Exhibit D.**

75.     On or about June 27, 2018, Plaintiff Laurel Point fully performed its obligations under the agreement and formally transferred the operations of the facility to Defendant Laurel Point.

76.     Defendant Laurel Point failed to perform its obligation under the agreement to permit Plaintiff Laurel Point to review the books and records.

77.     As a result of Defendant Laurel Point's failure to perform its obligation under the agreement, Plaintiff Laurel Point suffered damages in an amount exceeding $ 75,000.00.

## COUNT VIII

**RESCISSION OF LAUREL POINT**

78.    Plaintiffs incorporate by reference paragraphs 1 through 42.

79.    Defendant Laurel Point's failure to perform this obligation, along with its failure to perform under the APA (*See* Count I, Breach of Contract – Asset Purchase Agreement), makes performance under this agreement impossible.

80.    In June 2019, Plaintiff Laurel Point notified Defendant Laurel Point of the contract rescission and offered to restore all benefits that Plaintiff Laurel Point received from Defendant Laurel Point.

81.    Defendant Laurel Point has continuously failed to remit Plaintiff Laurel Point's outstanding Accounts Receivable. Therefore, there is no other adequate remedy at law other than rescission of the OTA.

82.    As a result of Defendant Laurel Point's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT IX**
**BREACH OF CONTRACT – WEST JACKSONVILLE**

83.    Plaintiffs incorporate by reference paragraphs 1 through 42.

84.    On May 29, 2018, West Jacksonville Care and Rehabilitation, LLC ("Plaintiff West Jacksonville") and West Jacksonville Care Acquisition, LLC ("Defendant West Jacksonville") entered into an agreement for the transfer of operations of the skilled nursing facility located at 1650 Fouraker Road, Jacksonville, Florida. **See Attached Exhibit E.**

85.    On or about June 27, 2018, Plaintiff West Jacksonville fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant West Jacksonville.

86.     Defendant West Jacksonville failed to perform its obligation under the agreement to permit Plaintiff West Jacksonville to review the books and records.

87.     As a result of Defendant West Jacksonville's failure to perform its obligation under the agreement, Plaintiff West Jacksonville suffered damages in an amount exceeding $ 75,000.00.

## COUNT X
### RESCISSION OF WEST JACKSONVILLE

88.     Plaintiffs incorporate by reference paragraphs 1 through 42.

89.     Defendant West Jacksonville's failure to perform this obligation, along with its failure to perform under the APA (*See* Count I, Breach of Contract – Asset Purchase Agreement), makes performance under this agreement impossible.

90.     In June 2019, Plaintiff West Jacksonville notified Defendant West Jacksonville of the contract rescission and offered to restore all benefits that Plaintiff West Jacksonville received from Defendant West Jacksonville.

91.     Defendant West Jacksonville has continuously failed to remit Plaintiff West Jacksonville's outstanding Accounts Receivable. Therefore, there is no other adequate remedy at law other than rescission of the OTA.

92.     As a result of Defendant West Jacksonville's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT XI
### BREACH OF CONTRACT – ATLANTIC CARE

93.     Plaintiffs incorporate by reference paragraphs 1 through 42.

94.     On May 29, 2018, Atlantic Care and Rehabilitation Center, LLC ("Plaintiff

Atlantic") and Atlantic Care Acquisition, LLC ("Defendant Atlantic") entered into an agreement for the transfer of operations of the skilled nursing facility located at 3663 15th Street, Vero Beach, Florida. **See Attached Exhibit F.**

95.     On or about June 27, 2018, Plaintiff Atlantic fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Atlantic.

96.     Defendant Atlantic failed to perform its obligation under the agreement to permit Plaintiff Atlantic to review the books and records.

97.     As a result of Defendant Atlantic's failure to perform its obligation under the agreement, Plaintiff Atlantic suffered damages in an amount exceeding $ 75,000.00.

### COUNT XII
### RESCISSION OF ATLANTIC CARE

98.     Plaintiffs incorporate by reference paragraphs 1 through 42.

99.     Defendant Atlantic's failure to perform this obligation, along with its failure to perform under the APA (*See* Count I, Breach of Contract – Asset Purchase Agreement), makes performance under this agreement impossible.

100.    In June 2019, Plaintiff Atlantic notified Defendant Atlantic of the contract rescission and offered to restore all benefits that Plaintiff Atlantic received from Defendant Atlantic.

101.    Defendant Atlantic has continuously failed to remit Plaintiff Atlantic's outstanding Accounts Receivable. Therefore, there is no other adequate remedy at law other than rescission of the OTA.

102.    As a result of Defendant Atlantic's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT XIII
### ACCOUNTING

103.    Plaintiffs incorporate by reference paragraphs 1 through 42.

104.    Section 5.8 of the APA and section 11(b) of the OTAs require that Buyers and New Operators provide Sellers and Old Operators access to its books and records to determine accounts receivable collections due to Sellers and Old Operators.

105.    Section 11(b) of the OTAs state that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to file or defend cost reports and tax returns and to verify accounts receivable collections due Old Operator.

106.    Buyers and New Operators have yet to provide access to the books and records.

107.    Sellers and Old Operators fully performed all of its obligations under the APA and OTAs.

108.    Despite Sellers and Old Operators' compliance and full performance, Buyers and New Operators failed to transfer Accounts Receivable that it collected and, by virtue of the APA and OTAs, is due to Sellers and Old Operators.

109.    Upon information and belief, Buyers and New Operators withheld or wrongfully offset funds due to Sellers and Old Operators.

110.    Despite Sellers and Old Operators' demands and prior requests, Buyers and New Operators failed to provide Sellers and Old Operators access to the books and records.

111.     Accordingly, Sellers and Old Operators request an order from this Court requiring Buyers and New Operators provide access to its books and records.

112.     Sellers and Old Operators are prepared to retain a forensic account to conduct this accounting.

## COUNT XIV
### CONVERSION

113.     Plaintiffs incorporate by reference paragraphs 1 through 42.

114.     As a result of the operational and property transfers, Buyers collected Accounts Receivable which was the property of Sellers pursuant to section 2.14 of the APA.

115.     Buyers offset the amounts to be paid to Sellers with expenses that were not incurred or not the legal obligation of Sellers.

116.     Buyers' wrongful actions of offsetting the amounts due to Sellers was inconsistent with the property and contractual rights of Sellers.

117.     On or about July 10, 2018, Defendant Friedman, who controls Buyers, converted Sellers' Accounts Receivable to purchase his real property located at 3738 Pine Tree Drive, Miami Beach, Florida.

118.     Upon information and belief, Defendant Friedman converted additional Accounts Receivable belonging to Sellers.

119.     As a result of Buyers' wrongful and fraudulent acts, Sellers were injured in an amount exceeding $ 75,000.00.

120.     Upon information and belief, John and Jane Does 1 through 10 are parties to the subject transactions, participated in, and benefited from Buyers' wrongful and fraudulent conduct.

### COUNT XV
### FRAUDULENT MISREPRESENTATION

121.    Plaintiffs incorporate by reference paragraphs 1 through 42.

122.    In an attempt to limit or eliminate any payments due to Sellers under the APA, Buyers, on April 17, 2019, intentionally and falsely asserted that payments due to Sellers were offset by expenses which were not the legal obligation of Sellers.

123.    Buyers made these false representations with the intent of inducing Sellers to terminate all payments due under the agreement.

124.    On or about July 10, 2018, Defendant Friedman, who controls Buyers, converted Sellers' Accounts Receivable to purchase his real property located at 3738 Pine Tree Drive, Miami Beach, Florida.

125.    Upon information and belief, Defendant Friedman converted additional Accounts Receivable belonging to Sellers.

126.    As a result of Buyers' fraudulent misrepresentations, Sellers were injured in an amount exceeding $ 75,000.00.

127.    Upon information and belief, John and Jane Does 1 through 10 are parties to the subject transactions, participated in, and benefited from Buyers' wrongful and fraudulent conduct.

### COUNT XVI
### INJUNCTIVE RELIEF

128.    Plaintiffs incorporate by reference paragraphs 1 through 42.

129.    Upon information and belief, the facilities purchased by Buyers are currently being marketed for sale.

130.    Such a sale, if completed during the pendency of this suit, would irreparably impair Plaintiffs' remedies in this action.

131.    As such, Plaintiffs' request that this Court grant their request for a preliminary injunction barring Defendants from transferring the property or facilities at issue.

WHEREFORE, Plaintiffs respectfully request that this Court:

i.      Enter judgment on Plaintiffs' behalf on each of the counts in Plaintiffs' Complaint;

ii.     Enjoin Defendants from transferring the property or facilities at issue;

iii.    Award Plaintiffs their costs and attorney fees; and

iv.     Grant Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Matthew F. Hall
**HILL, WARD & HENDERSON, P.A.**
Matthew F. Hall (FBN: 94230)
3700 Bank of America Plaza
101 E. Kennedy Boulevard
Tampa, Florida 33602
(813) 221-3900
Fax: (813) 221-2900
matthew.hall@hwhlaw.com
debra.whitworth@hwhlaw.com
*Attorney for Plaintiffs*

/s/ Robert J. Fedor
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
*Pro Hac Vice Admission Pending*
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
(440) 250-9709
Fax: (440) 250-9714

rjfedor@fedortax.com
*Attorney for Plaintiffs*

/s/ Saadia Shapiro
**SHAPIRO & ASSOCIATES, PLLC**
Saadia Shapiro (NY # 2141091)
*Pro Hac Vice Admission Pending*
3145 Coney Island Avenue
Brooklyn, New York 11235
(347) 462-9900
Fax: (347) 462-9905
lawyers@shapirolawyers.net
*Attorney for Plaintiffs*