**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**919 OLD WINTER HAVEN ROAD, SPE,**
**LLC, et al.,**

     **Plaintiffs,**

**v.**                                                                      **Case No. 8:19-cv-01500-T-36AAS**

**LEONARD FRIEDMAN, et al.,**

     **Defendants.**

_____/

## ORDER

919 Old Winter Haven Realty, LLC, 2055 Palmetto Realty, LLC, 703 South 29th Street Realty, LLC, 1650 Fouraker Realty, LLC, Auburndale Oaks Care Acquisition, LLC, Laurel Point Care Acquisition, LLC, West Jacksonville Care Acquisition, LLC, Atlantic Care Acquisition, LLC (collectively, the defendants) request the court set aside the clerk's entry of default. (Doc. 41). 1650 Fouraker Road, SPE, LLC, 2055 Palmetto Street, SPE, LLC, 3663 15th Avenue, SPE, LLC, 703 South 29th Street, SPE, LLC, 919 Old Winter Haven Road, SPE, LLC, Atlantic Care and Rehabilitation Center, LLC, Auburndale Oaks Care and Rehabilitation Center, LLC, Clear Water Care and Rehabilitation Center, LLC, Laurel Point Care and Rehabilitation Center, LLC, West Jacksonville Care and Rehabilitation Center, LLC. (collectively the plaintiffs) oppose the defendants' motion. (Doc. 42).

## I. BACKGROUND

The plaintiffs initiated this action on June 21, 2019, and the clerk issued summonses the following day. (Docs. 1, 18). On June 26, 2019, the plaintiffs served the summons and complaint on the defendants' registered agent, VCorp Services (VCorp). (Doc. 26). VCorp forwarded an email containing the summons and complaint to Samuel Gutman, the Chief Operations Officer of Citadel Consulting Group, LLC (Citadel), who is responsible for receiving all notices that are served via registered agent on the defendants. (Doc. 41, ¶4).

According to the defendants, Mr. Gutman forwarded the notices from VCorp on July 26, 2019 to the defendants and their counsel. (Doc. 41, ¶7). Mr. Gutman avers he did not know of the deadline to respond and did not immediately forward the notices until the defendants' counsel contacted him. (Doc. 41, Ex. A).

On July 24, 2019, after the defendants failed to timely answer or otherwise defend this action, the plaintiffs moved for entry of clerk's default. (Doc. 25). On July 25, 2019, the clerk entered a default against the defendants. (Docs. 27–36).

After the defendants learned of the entry of clerk's default, the defendants conferred with the plaintiffs about their intentions to move to set aside the clerk's entry of default. (Doc. 41, ¶8). The plaintiffs advised that the motion would be opposed. The defendants immediately moved to set aside the default. (Doc. 41). The plaintiffs oppose the motion. (Doc. 42).

## II.    ANALYSIS

A court may set aside entry of a clerk's default for good cause.  Fed. R. Civ. P. 55(c).  "Good cause" under Rule 55(c) is a liberal standard.  *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v. Harell*, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)).  The following factors determine whether a defendant has met the good cause standard of Rule 55(c): "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *U.S. v. Nalls*, 177 F.R.D. 696, 697 (S.D. Fla. 1997) (citing *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)).  If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default.  *Burgos v. Valleycrest Golf Course Maintenance*, Case No. 2:10-cv-194-FtM-29SPC, 2010 WL 2243805, (M.D. Fla. June 4, 2010).  However, courts generally view defaults with disfavor due to our "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The plaintiffs argue that the default was the result of culpable conduct by the defendants.  The plaintiffs contend that it is difficult to understand how a person who is designated to receive notice would not understand the importance of the summons.  (Doc. 42 at 4).  Specifically, the plaintiffs infer that the same company who received

service here, Citadel, for whom Mr. Gutman also is the registered agent, had no issues with responding to a prior summons in a different case. (*Id.*).

The plaintiffs provide persuasive argument that Mr. Gutman did understand the required court procedures. But the defendants' quick response by attempting to confer with the plaintiffs and filing a motion to set aside the clerk's entry of default within four days of the clerk's entry of default indicates that the lack of response was not intentional but merely a mistake within the defendants' communication circle. Since the mistake appears to be unintentional, the defendants' conduct did not rise to a culpable level.

The defendants argue the plaintiffs are not prejudiced by the court setting aside the clerk's default. The plaintiffs do not argue that they would be prejudiced. (Doc. 42 at 3). The defendants attempted to confer with the plaintiffs the same day they found out about the entry of default. (Doc. 41, ¶ 7). The defendants filed the opposed motion to set aside the clerk's default within four days of the entry and no default judgment has been filed or entered. (Doc. 41, ¶7, 12). Therefore, the plaintiffs will not be prejudiced by setting aside the clerk's entry of default.

Additionally, the defendants contend that there is a meritorious defense in that this court lacks subject matter jurisdiction. The defendants argue that Mr. Leopold, an individual defendant in this suit, is a New York resident who "directly or indirectly wholly-owns all of the limited liability companies that are defendants in this action." (Doc. 41, ¶22). Based upon the complaint, the plaintiffs are citizens of New York with this court's jurisdictional basis being diversity jurisdiction. (Doc. 1, ¶1–10, 23). The

defendants filed a motion to dismiss for lack of subject matter jurisdiction that is currently pending. (Doc. 43). The plaintiffs made no response to their meritorious defense argument. (Doc. 42 at 3). Based on the record and the facts in the motion, the defendants may have a meritorious defense.

## III.  CONCLUSION

Good cause exists to set aside the clerk's entry of default against the defendants. Therefore, the defendants' Motion to Set Aside Clerk's Default (Doc. 41) is **GRANTED**.

**ORDERED** in Tampa, Florida on August 16, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge